NEW YORK COUNTY.—HON. D. G. ROLLINS, SURROGATE.—October, 1887.

### FLAGG *v.* HARBECK.

*In the matter of the estate of* ELLA S. FLAGG, *deceased.*

Decedent, by her will, made certain dispositions in favor of her husband, as follows: (1) she bequeathed to him certain jewelry and apparel; (2) gave him "$1,700, absolutely," stating that this sum represented a gift from him, and that she did not consider it a part of her estate; (3) gave him "$2,000, absolutely"; (4) gave $8,000 to the executors, in trust to invest, etc., and pay the "interest and income," to him, for life,—remainder over; and (5) directed that, if he were living when her son, H., attained majority, the executors take $10,000 out of the principal of the share of H., invest the same, etc., and pay the "interest and income" to the husband, for life,—remainder over.

A codicil read as follows: "I hereby revoke any bequest *of money or interest of money* made in my last will and testament to my husband, *excepting* the interest at 6 per cent. of $10,000 during his lifetime, and the sum of $2,000 which, as I have stated in my will, I consider a gift from him," etc. It was contended that the "exception" in the codicil, operated as a revocation, *in toto*, and effected a new and substantive bequest.—

*Held*, that the codicil, though not precise in its descriptions, must be held to revoke all the pecuniary bequests to the husband, except the third, and the last, in the foregoing enumeration.

CONSTRUCTION of will, upon judicial settlement of

account of Charles T. Harbeck and another as executor of decedent's will.

RICHARD & BROWN, *for executor.*

F. P. SLADE, *for legatee.*

THE SURROGATE.—The disposition of this decedent's estate is directed by two testamentary papers—a will proper and a codicil thereto. The earlier of these instruments contains, among other things, the provisions following :

*First.* A bequest, to the husband of the testatrix, of certain jewelry and wearing apparel.

*Second.* A bequest thus worded : "I give to my said husband the sum of $1,700 absolutely. This sum he gave to me, and I do not consider it a part of my estate. I also give to my said husband the sum of $2,000 absolutely.

*Third.* A bequest, in its fourth article, of the sum of $8,000 to " its executors," in trust for the following use and purpose : " That they shall loan out or invest the same and collect and receive the interest and income thereof, and shall, from time to time, as said interest and income shall be received, pay all of said *interest and income* to my said husband, James S. Flagg, so long as he shall live. Upon his death, I give said principal sum of $8,000 to my child or children, and lawful issue of deceased child or children of mine living at the decease of my said husband . . . . ."

The will further directs, by its sixth article, that, in the event that the husband of the testatrix shall be living at the time when her son Herbert shall attain his majority, her executors shall take the sum of

$10,000 from out the share of the principal of her estate then held in trust ·by ·them for her child's benefit, and shall invest the same, and collect and receive the interest and income thereof, and pay all of said interest and income semi-annually to her husband as long as he shall live.   The principal sum of $10,000 is given, upon the death of the husband, to the child or children and the lawful issue of any deceased child or children of the testatrix who shall be then living.

The codicil to this will contains a provision which is the subject of the present controversy.   It is as follows : " I hereby revoke any bequest *of money or interest of money* made in my last will and testament to my husband James H. Flagg, *excepting* the interest at 6 per cent. of $10,000 during his lifetime, and the sum of $2,000 which, as I have stated in my will I consider a gift from him, and therefore do not include in my estate."

I am satisfied that it was the intention of the testatrix, in using the words following the word "excepting," to take out of the operation of the revocation provision, and to sanction anew as effective dispositions, two of the gifts which she understood to have been bequeathed by her will.   Neither of these gifts is described in the codicil with absolute precision, but I cannot doubt that, in using the words "interest at 6 per cent. of $10,000 during his lifetime," she intended to refer to the bequest of "the interest and income of $10,000" which the will gives her husband in case he shall be living when her son Herbert shall come of age.   The codicil does not undertake to revoke *all* the provisions of the will for Mr. Flagg's benefit.   It

revokes all *except* the one above indicated and the one which bequeaths the legacy of $2,000. The contention, that the language in dispute was intended to operate as a revocation *in toto*, and that the words following the word "excepting" are effective as a new and substantial bequest, seems to me utterly untenable.

Although the guardian of the infant gave security upon his appointment and qualification in Kings county, he must execute and deposit a bond, in pursuance of § 2746 of the Code of Civil Procedure, before he can obtain possession of his ward's estate (Rieck v. Fish, 1 *Dem.*, 75).